PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID SMITH, *et al.*, | ) |
| | )    CASE NO.  4:13CV0669 |
|       Plaintiffs, | ) |
| | ) |
|       v. | )    JUDGE BENITA Y. PEARSON |
| | ) |
| PHOENIX SERVICES, LLC, *et al.*, | )    **MEMORANDUM OF OPINION** |
| | )    **AND ORDER** |
|       Defendants. | )    [Resolving ECF No. 8] |

Pending is Plaintiffs' Motion for Leave to File a Third Amended Complaint (ECF No. 8). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law.  For the reasons set forth below, the Court will grant the motion.

On January 3, 2013, Plaintiffs David and Melissa Smith, Michael and Kayla Buckner, and Christopher and Yolanda Carvin, individuals residing in Ohio (ECF No. 1-2 at PageID #: 10-11), filed an Amended Complaint (ECF No. 1-2) against both corporate and individual parties (*i.e.*, Phoenix Services, LLC, David Hoover, and John Doe) in the Trumbull County, Ohio Court of Common Pleas, being Case No. 2012 CV 01999.  A Second Amended Complaint (ECF No. 5-2) was filed on January 28, 2013.  Defendants Phoenix Services, LLC and David Hoover removed the case to this Court on March 27, 2013, on the basis of diversity of citizenship jurisdiction. Defendant Phoenix Services, LLC is a Delaware limited liability company with a principal place of business in Kennett Square, Pennsylvania.  *See* ECF No. 1 at ¶ 11; ECF No. 7.

(4:13CV0669)

Plaintiffs now move the Court for leave to amend the Second Amended Complaint (ECF No. 5-2) to (1) dismiss Defendant David Hoover,[1] (2) properly identify Defendant Metal Services LLC, d/b/a Phoenix Services, LLC ("Phoenix Services, LLC"), (3) identify Defendant John Doe as Frank J. Cook, and (4) also add James Vandesteeg as a as a party defendant. Plaintiffs attached the proposed Third Amended Complaint (ECF No. 8-1) to the motion. Frank J. Cook is a resident of the State of Ohio. ECF No. 8-1 at ¶ 6.

The proposed Third Amended Complaint (ECF No. 8-1) asserts negligence claims arising out of injuries sustained by Plaintiffs David Smith, Michael Buckner, and Christopher Carvin as a result of an August 11, 2011 explosion occurring at their workplace, a steel plant operated by Warren Steel Holdings. The explosion showered the men with molten metal. These plaintiffs sustained burns and other physical and emotional trauma as a result of the blast. Plaintiffs allege that the explosion occurred as a result of a scrap contractor (Phoenix Services, LLC), acting by and through its employees, Frank J. Cook and James Vandesteeg, overfilling a scrap bucket used to fill a steel melting furnace operated by the employer of Plaintiffs David Smith, Michael Buckner, and Christopher Carvin.

Prior to filing suit, Plaintiffs were unable to identify the scrap contractor or its employees that were involved in overfilling the scrap bucket and thereby causing the explosion. It was not

---

[1] On May 3, 2013, the Court dismissed this case as to Defendant David Hoover only. *See* Order (non-document).

2

(4:13CV0669)

until Phoenix Services, LLC answered Plaintiffs' discovery requests on March 27, 2013,[2] *see* ECF No. 8-2 at Page ID #: 72, that the identity of the correct individual defendants was revealed as Frank J. Cook and James Vandesteeg.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000.00, and is between citizens of different states.  28 U.S.C. § 1332(a).  The complete diversity rule requires that every plaintiff be of diverse citizenship from every defendant.  *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Special circumstances ensue where amendment of the complaint occurs after removal and has the effect of destroying complete diversity of citizenship for purposes of federal jurisdiction. 14C Wright, Miller & Cooper, *Federal Practice and Procedure:  Jurisdiction* § 3739 (4th ed.). If the amendment will destroy complete diversity, the Court must apply 28 U.S.C. § 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

In applying the relevant factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989) and *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F.Supp.2d 613, 618 (E.D. Mich. 2005), the Court will permit the joinder of Frank J. Cook and James Vandesteeg.

---

[2] The same day that Defendants Phoenix Services, LLC and David Hoover removed the case to this Court.

(4:13CV0669)

Accordingly, Plaintiffs' Motion for Leave to File a Third Amended Complaint (ECF No. 8) is granted.  The Clerk of Court shall file the Third Amended Complaint (ECF No. 8-1), and service of it and a summons upon the newly joined Defendants shall be attempted by Plaintiffs' counsel immediately.

Furthermore, the Court finds that it does not have subject matter jurisdiction over the Third Amended Complaint (ECF No. 8-1).

Therefore, the Court will remand the case to the Trumbull County, Ohio Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) upon the grounds that the inclusion of Frank J. Cook as a party defendant is a violation of the complete diversity rule since Plaintiffs are co-citizens of his.  See *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 541 (6th Cir. 2006) (finding that "[u]pon the order granting [plaintiff's] motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time"); *Doleac, ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (citizenship of John Doe defendant was disregarded until its true identity was known; once motion to amend that destroyed diversity was granted, case was remanded).

IT IS SO ORDERED.

 May 15, 2013              /s/ Benita Y. Pearson
Date                        Benita Y. Pearson
                            United States District Judge